UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 04-33001-WRS
                                               Chapter 13
FELIX BROWN and
MARY FRANCES BROWN

    Debtors.

**MEMORANDUM DECISION**

This Chapter 13 case is before the Court upon the motion of Wachovia Bank of Delaware, N.A. f/k/a First Union National Bank of Delaware ("Creditor"), to dismiss the Debtors' case with prejudice and to object to confirmation of the Debtors' plan. (Doc. 19). A Show Cause hearing was set for November 30, 2004, to determine why sanctions should not be imposed for the filing of a second case by the Debtors after the Court imposed a 180-day injunction against refiling. This matter was taken under advisement and after consideration of the arguments and memoranda submitted by both parties, the Court finds that the Creditor's motion should be GRANTED. For the reasons discussed in this memorandum, the Debtors' case is DISMISSED with prejudice pursuant to 11 U.S.C. § 349(a). Additionally, the Debtors are prohibited from refiling a petition under any Chapter of the Bankruptcy Code, in any court, for a period of two years.

**I. Facts**

This latest Chapter 13 petition filed by the Debtors is one of two previous Chapter 13 petitions filed in this Court. All of the previous petitions filed by the Debtors have

terminated prematurely, each one having been involuntarily dismissed.[1] (Case No. 02-33154, Doc. 18; Case No. 04-11002, Doc. 30). The Debtors have filed jointly in each of the three Chapter 13 petitions filed. (Case No. 02-33154, Doc. 1; Case No. 04-11002, Doc. 1; Case No. 04-33001, Doc. 1). The first case was filed on October 7, 2002. (Case No. 02-33154, Doc. 1). That case was dismissed on March 5, 2004 because of a material default by the Debtors in payments under the confirmed Chapter 13 plan. (Case No. 02-33154, Doc. 26). The Court notes that according to the Final Report and Final Account of the Trustee, of the total disbursements made by the Debtors, the secured creditors received a total of $3,917.91. (Case No. 02-33154, Doc. 28). The unsecured creditors received no payments from the Debtors. The second case was filed on May 11, 2004 and dismissed with a 180-day bar against refiling on September 10, 2004. (Case No. 04-11002; Docs. 1, 30). This case never survived confirmation and was dismissed because the plan proposed by the Debtors was not feasible. Despite the 180-day bar against refiling, the Debtors filed the present case on October 21, 2004. (Case No. 04-33001, Doc. 1). In light of the multiple filings, one in violation of a 180-day injunction, this Court finds that the Debtors have flagrantly abused the protections afforded by the Bankruptcy Code, and for the reasons set forth below, their conduct warrants dismissal of the present case with prejudice and a bar against refiling for an extended period of time.

---

[1] All three petitions have been filed within the last twenty-four months. (Case No. 02-33154, Doc. 1; Case No. 04-11002, Doc. 1; Case No. 04-33001, Doc. 1).

## II. Discussion

### A. Dismissal with Prejudice

A Chapter 13 case may be dismissed "for cause" under 11 U.S.C. § 1307(c). Although "bad faith" is not specifically identified as a "cause," it is well recognized that a lack of good faith is sufficient to satisfy the requirements of § 1307(c). In re Leavitt, 171 F.3d 1219, 1224 (9th Cir. 1999). Neither fraudulent intent, malice, nor actual fraud is required to make a finding of bad faith. In re Leavitt, 171 F.3d at 1224-25; see In re Steeley, 243 B.R. 421, 425 (Bankr. N.D. Ala. 1999) (stating that bad faith simply requires that the bankruptcy courts preserve the integrity of the bankruptcy process by refusing to condone its abuse). Multiple or repeated bankruptcy filings do not constitute *per se* bad faith, however a debtor's history of filings and dismissals may be evidence of bad-faith. In re McCoy, 237 B.R. 419, 22 (Bankr. S.D. Ohio 1999); see also In re Merrill, 192 B.R. 245, 249 (Bankr. Colo. 1995). A lack of good faith exists when a debtor files a petition without intending to perform the statutory obligations required by the Bankruptcy Code or when a debtor's conduct constitutes an abuse of the bankruptcy process. Id. at 247.

The primary evidence of bad faith in this case is the Debtors' successive bankruptcy filings. See In re Weaver, 222 B.R. 521, 523 (Bankr. E.D. Va. 1998) (discussing the increase in abusive filings by debtors). Over the last twenty-four months, the Debtors have filed three bankruptcy petitions with the apparent purpose of avoiding payment to their creditors. In their motion to dismiss, Wachovia Bank of Delaware asserts that during the period of the last three bankruptcy filings of the Debtors, they have received a meager total of seven payments. The Debtors materially defaulted on

3

payments in their first case filed in this Court. (Case No. 02-33154; Doc. 17). In their second case, the Debtors put forth a plan that was not feasible, requiring dismissal of the case. (Case No. 04-11002; Doc. 30). The Debtors further violated the integrity of the bankruptcy process by filing another case in violation of a 180-day injunction against refiling that was imposed along with the dismissal of the second case. See In re Weaver, 222 B.R. at 524 (holding that additional sanctions are necessary where Debtors filed a case despite order prohibiting any refiling for a period of 12 months). It is clear from the record that the Debtors are using the bankruptcy process to thwart their obligations to make payments on their mortgage. Furthermore, no showing of a change in circumstances between filings has been shown by the Debtors. See In re Steeley, 243 B.R. at 427. The abuse of the bankruptcy process perpetrated by the Debtors in this case warrants a severe response.

Because the Court finds that the Debtors have filed their latest case in bad faith and with the sole purpose of delaying payment to creditors, the dismissal here is with prejudice pursuant to 11 U.S.C. § 349(a). Section 349(a) states the following:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a). The Court recognizes that this is an extraordinary sanction that should be reserved only for the most egregious abuses of the bankruptcy process. By the term dismissal with prejudice, the Court means that in the event the Debtors file another bankruptcy case in the future, the debts presently owed are nondischargeable. See In re

Jones, 289 B.R. 436, 440 (Bank. M.D. Ala. 2003)[2]; In re Hall, 258 B.R. 908, 910 (Bankr. N.D. Ind. 2001) (noting that dismissal of a case with prejudice will forever bar the subsequent discharge of all the debtor's prefiling obligations to creditors).

### B. Two Year Bar Against Refiling

Because this case has involved a flagrant abuse of the bankruptcy process, the Debtors are enjoined from filing a bankruptcy petition anywhere in the United States for a period of two years from the date of this order. The Court joins with a majority of lower courts, that rely upon the authority provided by §§ 105(a) and 349(a) of the Bankruptcy Code, to prohibit a serial filer from filing petitions for a time period exceeding 180 days. See In re Casse, 198 F.3d 327, 339 (2nd Cir. 1999).

### III. Conclusion

For the reasons explained above, the Chapter 13 case is dismissed with prejudice pursuant to § 349(a) and the Debtors are enjoined from filing a bankruptcy petition anywhere in the United States for a period of two years. The Court will enter a separate order dismissing the case and imposing the injunction.

Done this 14th day of January, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: George R. Prescott, Jr., Attorney for Debtors
Daniel L. Feinstein, Attorney for Wachovia Bank
Curtis C. Reding, Trustee
Teresa Jacobs, Bankruptcy Administrator

---

[2] The Jones case involved an even more egregious abuse of the bankruptcy process warranting a five-year bar against refiling. There, the Debtor filed a total of five Chapter 13 bankruptcy petitions in a period of five years. Despite repeated cases filings, the Debtor made little to no effort to comply with the terms of the Chapter 13 plans that she proposed. In re Jones, 289 B.R. at 440.